IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02056-RBJ

WILLIAM LEE,

    Plaintiff,

v.

THE STATE OF COLORADO,
CLEAR CREEK COUNTY, a political subdivision of the State of Colorado,
CLEAR CREEK COUNTY SHERIFF'S OFFICE, and
CLEAR CREEK COUNTY ANIMAL CONTROL OFFICER STACI MCBRAYER, in her official capacity,

    Defendants,

## ORDER

This matter is before the Court on Plaintiff William Lee's Emergency Motion for a Temporary Restraining Order [#10]. Officer Staci McBrayer filed a Response [#14], and a hearing was held on August 15, 2012 [#20].

**Facts and Procedural History**

This matter arises out of an ongoing animal cruelty case involving Mr. Lee in Clear Creek County Court. William Lee owns and operates the Laughing Valley Ranch in Idaho Springs, Clear Creek County, Colorado. Complaint [#1] at ¶12. Mr. Lee owns two businesses that operate out of the ranch: Red Tail's Old West Burro Farm & Petting Zoo and Santa's Southern Reindeer Ranch. *Id.* On May 12, 2011 Belinda Douglas called Animal Control Officer Staci McBrayer to report her concerns about the welfare of the animals at the ranch. *Id.* at ¶14. Officer McBrayer and Officer Tom Hayden visited the ranch the same day and spoke with Carol

Lee, Mr. Lee's wife. *Id.* Mr. Lee was not at the property, as he was hospitalized at the time following a serious car accident. *Id.* While at the property Officers McBrayer and Hayden observed 126 animals, some of which appeared to lack adequate shelter and potable water. *Id.* At that time, Mrs. Lee informed the officers that additional shelters were being built. *Id.*

Officer McBrayer received several more complaints regarding inadequate care and condition of Mr. Lee's animals in December 2011 and January 2012. *Id.* at ¶¶15-17. On January 5, 2012 Officers McBrayer, Hayden, and USDA veterinarian Dr. Tracy Thompson visited the ranch. *Id.* at ¶16. Officer McBrayer again observed what she considered to be inadequate food, shelter and care, and she advised Mr. Lee that they would conduct welfare checks on the property every two weeks. *Id.* She found that several animals were inadequately cared for on her January 9, 2012 welfare check, and on January 13, 2012, after observing that many animals did not have access to water, Officer McBrayer served Mr. Lee with a summons for twelve counts of misdemeanor cruelty to animals in accordance with C.R.S. §18-9-202(1)(a) and seized twelve animals. *Id.* at ¶¶17-18.

Officer McBrayer received more complaints and concerned calls about Mr. Lee's animals and warned Mr. Lee on May 17, 2012 by certified letter that if the conditions for the animals at the ranch were not improved than they would press additional charges. *Id.* at ¶¶ 20-22. After another unsatisfactory welfare check additional counts of animal cruelty were added and ninety-seven of Mr. Lee's animals were impounded. *Id.* at ¶23-24. There are currently four cases of misdemeanor animal cruelty pending against Mr. Lee in Clear Creek County, 12M170, 12M24, 12M91, and 12M155. Mr. Lee pled not guilty to the charges. *Id.* at ¶25.

Mr. Lee does not have the financial resources to post the impound bond on his animals. To date, the Clear Creek County Court has denied all of Mr. Lee's motions to reduce or suspend

payment of the impounded animals. *Id.* at ¶28.  The Clear Creek County Court has also denied a motion to stay disposition of the animals, an emergency motion for emergency stay of disposition, and a motion to declare the statute unconstitutional, all filed by Dale McPhetres, Mr. Lee's appointed public defender. *Id.* at ¶29.

Mr. Lee now brings this action in federal court alleging that his Fourth, Fifth, and Fourteenth Amendment rights have been violated.  Mr. Lee also seeks declaratory relief in the form of a declaration that C.R.S. § 18-9-202.5 is unconstitutional on its face and as applied.

At issue before the Court at present is Mr. Lee's emergency motion for a temporary restraining order.  Prior to the hearing Mr. Lee filed a motion to dismiss defendants Clear Creek County and the Clear Creek County Sheriff's Office [#16].  That motion was granted at the August 15, 2012 hearing [#20].  At that hearing, the State of Colorado's motion to dismiss was also granted, and the State of Colorado was dismissed from the case. *Id.*  Therefore, the only remaining defendant in this suit is Clear Creek Animal Control Officer Staci McBrayer.  At the conclusion of the hearing the defendant agreed that the animals would not be euthanized or otherwise disposed of until the Court addressed plaintiff's motion, thereby effectively giving the plaintiff what amounted to a restraining order in substance.

**Conclusions**

Mr. Lee requests that the Court enter a temporary restraining order to prevent Officer McBrayer from (1) charging or collecting bond fees for the impounded animals; (2) euthanizing any of Mr. Lee's animals without prior notice and the opportunity for a hearing; and (3) disposing of or selling any of Mr. Lee's animals, living or dead, until the criminal charges against Mr. Lee have been resolved.  He also seeks mandatory injunctive relief requiring that

Officer McBrayer return any bond fees that have already been collected and return all seized animals to Mr. Lee.

Rule 65(b) of the Federal Rules of Civil Procedure provides that in order to obtain an ex parte temporary restraining order, the moving party must demonstrate irreparable injury and explain the efforts to give notice to the other party and the reasons why notice should not be required. We are past that point and, in substance, are considering the possible issuance of a preliminary injunction. In order to obtain a preliminary injunction, Mr. Lee must establish: "(1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

In her response and at the hearing Officer McBrayer argued that (1) she is entitled to qualified immunity, and (2) under the *Younger* abstention doctrine, this Court should abstain from enjoining a state court proceeding. The Court will address the *Younger* issue first.

*Younger* abstention, named after *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from interfering with ongoing state court proceedings when "(1) there is an ongoing state criminal, civil, or administrative proceedings, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir. 2007).

It is evident that the first and third prongs of the analyses have been met here. There is an ongoing state criminal action proceeding against Mr. Lee. The welfare of animals, and the prevention of animal cruelty, are important and legitimate state interests. The heart of the disagreement, which was made evident at the August 15, 2012 hearing, revolves around whether the state court provides an adequate forum.

Officer McBrayer argues that the Clear Creek County Court has already denied Mr. Lee's motions to release his property and for a stay of disposition. *See* [#14-4]. The Clear Creek County court's order states: "The Court herein denies the request for Stay of Disposition as the Court has previously found the bonds to be reasonable. Additionally, to the Court's knowledge defendant has not filed a request for return of property pursuant to C.R.Cr.P. Rule 41(e)." [#14-5]. Mr. Lee, through his public defender, has also filed a "Motion to Declare Statutes Unconstitutional and for Relief from Unlawful Taking of Property" in that case [#14-4]. Mr. Lee, in his Complaint, admits that his motions for an emergency stay have been denied by the state court. [#1] at ¶29.

Mr. Lee argues that his public defender did not file a Rule 41 request because the clerk of court advised him that he could not do so in his capacity as Mr. Lee's public defender. However, in a recent filing defendants informed the Court that Mr. Lee's public defender in fact filed a rule 41(e) motion on August 9, 2012 [#21]. Further, the Clear Creek court has scheduled a hearing on September 26, 2012 to argue the constitutionality of the relevant statute and its provisions. *Id.*

In response to the defendants' supplemental briefing, Mr. Lee filed a Reply [#22]. Mr. Lee argues that even though the motion has been filed, it only further demonstrates his lack of a remedy, because Rule 41 only "offers a criminal defendant the opportunity to have a hearing on the validity of the seizure of property, at a later point in the criminal process." *Id.* Although Mr.

Lee describes how, in his view, the statute, and the application of the statute are unconstitutional, he does not explain why these claims, as well as any temporary restraining order, could not be heard by the state court. Mr. Lee still has not demonstrated that he lacks a remedy in state court, necessitating interference by a federal court.

At the August 15 hearing Mr. Swearingen, Mr. Lee's attorney, implied that Mr. Lee has not pursued his arguments with the state court because he does not trust the county court. Mr. Swearingen stated that the county court was "working hand in glove" with animal control. That opinion is insufficient to warrant federal court interference with a state court action.

Due to the march of time, it could be Mr. Lee no longer has a practical remedy in the state court as to at least some parts of his claim. Officer McBrayer testified that only twenty-seven of Mr. Lee's animals remain in animal control's custody. The remainder were placed in other facilities or foster care, adopted, or euthanized. Further, once this order issues, Officer McBrayer will restart her efforts to place the remaining animals. However, this Court is convinced that Mr. Lee *did* have an adequate remedy in state court, even if his efforts in state court to date have not been successful.

The Court sympathizes with Mr. Lee's efforts to preserve his business and get his animals back. He has had a difficult time, both physically and financially, and he probably is quite attached to his animals, even if he might not have been able to care for them properly in recent times. I also acknowledge that the laws, as presently written, present a number of hurdles and difficulties for any person accused of animal cruelty. However, such statutory short-comings do not change the fact that the state court system does provide a forum in which to assert his claims and seek the remedy he wants, including injunctive relief.

The Court finds that all three *Younger* factors have been met: there is an existing state court proceeding, the state court offers an adequate forum to hear the federal claims, and the state proceedings involve an important state interest. "If these three conditions exist, absent extraordinary circumstances, abstention is mandatory." *Walck*, 472 F.3d at 1233 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). Because the Court finds that it should abstain, it need not address Officer McBrayer's qualified immunity argument at his time.

**Order**

Therefore, the Court orders that Mr. Lee's Emergency Motion for Temporary Restraining Order [#10] is DENIED.

DATED this 4th day of September, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge